JOHN C. ROOKER – A6789
JONES WALDO HOLBROOK & MCDONOUGH PC
170 SOUTH MAIN STREET, SUITE 1500
SALT LAKE CITY, UTAH 84101-1658
TELEPHONE: 801.521.3200
TELEFAX: 801.328.0537

FRANCIS DI GIOVANNI – DELAWARE BAR I.D. 3189 (ADMISSION *PRO HAC VICE* PENDING)
CONNOLY BOVE LODGE & HUTZ LLP
THE NEMOURS BUILDING
1007 NORTH ORANGE STREET
P.O. BOX 2207
WILMINGTON, DELAWARE 19899
TELEPHONE: 302.888.6316
TELEFAX: 302.658.5614

*ATTORNEYS FOR DEFENDANT,*
*BRANDYWINE PRODUCT GROUP INTERNATIONAL, INC.*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AMERICAN COVERS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>BRANDYWINE PRODUCT GROUP INTERNATIONAL, INC.,<br><br>    Defendant. | ANSWER AND COUNTERCLAIMS<br><br>CIVIL ACTION NO. 2:12-CV-00312-PMW<br><br>THE HONORABLE PAUL M. WARNER |

## ANSWER

COMES NOW Brandywine Product Group International ("BPG") by and through its undersigned counsel and responds to American Covers, Inc.'s ("American Covers") Complaint (the "Complaint"), as follows:

### I.  FIRST DEFENSE

BPG reserves the right to assert any and all defenses, including affirmative defenses that may be ascertained during the course of discovery, including but not limited to the failure of American Covers to properly state any or all of its claims.

- 1 -

1044996.3

## II. SECOND DEFENSE

BPG answers the specifically numbered allegations of the Complaint, as follows:

1. Answering Paragraph 1 of the Complaint, BPG presently lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth therein and therefore denies the same.

2. Answering Paragraph 2 of the Complaint, BPG admits the allegation set forth therein.

3. Answering Paragraph 3 of the Complaint, BPG admits the allegation set forth therein.

4. Answering Paragraph 4 of the Complaint, BPG admits the allegation set forth therein.

5. Answering Paragraph 5 of the Complaint, BPG admits the allegation set forth therein.

6. Answering Paragraph 6 of the Complaint, for purposes of this action BPG does not contest the allegations set forth therein.

7. Answering Paragraph 7 of the Complaint, for purposes of this action BPG does not contest personal jurisdiction.

8. Answering Paragraph 8 of the Complaint, for purposes of this action BPG does not contest personal jurisdiction.

9. Answering Paragraph 9 of the Complaint, BPG admits that American Covers manufactures, distributes, and sells air fresheners and air freshener products. Further answering Paragraph 9 of the Complaint, BPG presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth therein and therefore denies the same.

10. Answering Paragraph 10 of the Complaint, BPG admits the allegations set forth therein.

1044996.3

11. Answering Paragraph 11 of the Complaint, BPG admits the allegations set forth therein.

12. Answering Paragraph 12 of the Complaint, BPG admits the allegations set forth therein.

13. Answering Paragraph 13 of the Complaint, BPG denies the allegations set forth therein.

14. Answering Paragraphs 14 of the Complaint, BPG denies the allegations set forth therein.

15. Answering Paragraph 15 of the Complaint, BPG denies the allegations set forth therein.

16. Answering Paragraph 16 of the Complaint, BPG admits that, through counsel, it sent a letter to American Covers on February 27, 2012, that requested American Covers to immediately stop further manufacture, importation and/or sale of air fresheners shaped as daises and that requested American Covers to compensate BPG for the unauthorized infringement of BPG's design patents. Further answering Paragraph 16 of the Complaint, BPG denies the remaining allegations set forth therein.

17. Answering Paragraph 17 of the Complaint, BPG admits that, through counsel, it sent a letter to Advance Auto Parts, Inc. that requested Advance Auto Parts, Inc. to immediately stop further manufacture, importation and/or sale of air fresheners shaped as daises and that requested Advance Auto Parts, Inc. to compensate BPG for the unauthorized infringement of BPG's design patents. Further answering Paragraph 17 of the Complaint, BPG presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth therein and therefore denies the same.

18. Answering Paragraph 18 of the Complaint, BPG admits that a real and substantial controversy exists between BPG and American Covers related to BPG's patents. Further answering Paragraph 18 of the Complaint, BPG denies the remaining allegations set forth therein.

1044996.3

19. Answering Paragraph 19 of the Complaint, BPG incorporates the foregoing admissions, denials, and other responses, as if fully set forth herein.

20. Answering Paragraph 20 of the Complaint, BPG admits that an actual and justiciable controversy exists between the parties. Further answering Paragraph 20 of the Complaint, BPG presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth therein and therefore denies the same.

21. Answering Paragraph 21 of the Complaint, BPG admits that American Covers has asserted that its flower-shaped air freshener products do not infringe BPG's patents. Further answering Paragraph 21 of the Complaint, BPG denies all other allegations set forth therein.

22. Answering Paragraph 22 of the Complaint, BPG denies the allegations set forth therein.

23. Answering Paragraph 23 of the Complaint, BPG incorporates the foregoing admissions, denials, and other responses, as if fully set forth herein.

24. Answering Paragraph 24 of the Complaint, BPG admits that an actual and justiciable controversy exists between the parties. Further answering Paragraph 24 of the Complaint, BPG presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth therein and therefore denies the same.

25. Answering Paragraph 25 of the Complaint, BPG denies the allegations set forth therein.

26. Answering Paragraph 26 of the Complaint, BPG denies the allegations set forth therein.

27. Answering Paragraph 27 of the Complaint, BPG denies the allegations set forth therein.

28. Answering Paragraph 28 of the Complaint, BPG denies the allegations set forth therein.

JONES WALDO HOLBROOK & MCDONOUGH PC
170 SOUTH MAIN STREET, STE. 1500
SALT LAKE CITY, UTAH 84101-1658
TELEPHONE: 801.521.3200

1044996.3

### III.  THIRD DEFENSE

BPG denies all allegations set forth in the Complaint not expressly admitted herein.

WHEREFORE, Brandywine Product Group International respectfully prays this court for judgment on the Complaint, as follows:

A. For an Order dismissing the Complaint and all claims and causes of action set forth therein with prejudice and otherwise denying American Covers any relief pursuant to its Complaint; and

B. For an Order awarding BPG such other and further relief as the court deems just and proper under the circumstances.

### COUNTERCLAIMS

Brandywine Product Group International, Inc. (BPG) counterclaims against American Covers, Inc. (American Covers) for a judgment that American Cover infringes BPG's Design Patent Nos. D614,279 S and D604,826 S, as follows:

### I.  THE PARTIES

29. BPG is a Delaware corporation with its principal place of business at 3 Mill Road, Suite 202, Wilmington, Delaware, 19806.

30. Upon information and belief, American Covers is a Utah corporation having a principal place of business at 102 West 12200 South, Draper, Utah 84020.

### II. JURISDICTION AND VENUE

31. These patent claims arise under the patent laws of the United States, 35 U.S.C. 1, *et seq.*

32. This Court has subject matter jurisdiction over patent claims under 28 U.S.C. §§ 1331 and 1338.

- 5 -

1044996.3

33. On information and belief, American Covers is subject to personal jurisdiction at least because it is a Utah corporation and has its principal place of business in Utah.

34. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

### III. PATENTS IN SUIT

35. On November 24, 2009, United States Patent No. D604,826 S ("the '826 patent") entitled "Air Freshener Device" was issued, naming Frank M. Lesniak, Tim Dehaan, and Kyle Brandenburg as the inventors. A true and correct copy of the '826 patent is attached as Exhibit A.

36. BPG is the owner of all rights, title, and interest in the '826 patent, including the right to recover damages for all infringement and the right to seek injunctive relief.

37. On April 20, 2010, United States Patent No. D614,279 S ("the '279 patent") entitled "Air Freshener device" was issued, naming Frank M. Lesniak, Tim Dehaan, and Kyle Brandenburg as the inventors. A true and correct copy of the '279 patent is attached as Exhibit B.

38. BPG is the owner of all rights, title, and interest in the '279 patent, including the right to recover damages for all infringement and the right to seek injunctive relief.

### IV. AMERICAN COVERS' INFRINGING ACTIVITY

39. American Covers sells air fresheners in the shape of a daisy through Advance Auto Parts stores under the REFRESH YOUR CAR® BRAND ("the accused products"). Examples of the accused products are shown in Exhibit A to American Covers' Complaint.

1044996.3

40. Upon information and belief, American Covers manufactures the accused products and/or contracts for the manufacturing of the accused products, and subsequently sells the accused products.

## V.  FIRST CAUSE OF ACTION
### Patent Infringement

41. The allegations of paragraphs 29 through 40 above are repeated and incorporated into this Count.

42. Upon information and belief, American Covers infringes the claim of the '826 patent by selling the accused products.

43. Upon information and belief, American Covers infringes the claim of the '826 patent by manufacturing the accused products.

44. American Covers is not licensed by BPG to conduct activities that infringe the '826 patent.

45. American Covers is aware of the '826 patent.

46. Upon information and belief, American Covers' past and continued infringement of the '826 patent is deliberate and willful.

## VI.  SECOND CAUSE OF ACTION
### Patent Infringement

47. The allegations of paragraphs 29 through 40 above are repeated and incorporated into this Count.

48. Upon information and belief, American Covers infringes the claim of the '279 patent by selling the accused products.

49. Upon information and belief, American Covers infringes the claim of the '279 patent by making the accused products or having the accused products made.

50. American Covers is not licensed by BPG to conduct activities that infringe the '279 patent.

51. American Covers is aware of the '279 patent.

JONES WALDO HOLBROOK & MCDONOUGH PC
170 SOUTH MAIN STREET, STE. 1500
SALT LAKE CITY, UTAH 84101-1658
TELEPHONE: 801.521.3200

1044996.3

52. Upon information and belief, American Covers' past and continued infringement of the '279 patent is deliberate and willful.

## VII. PRAYER FOR RELIEF

WHEREFORE, Brandywine Product Group International respectfully prays this court for judgment on its Counterclaims, as follows:

A. That American Covers be declared and determined to have infringed the '826 patent;

B. That American Covers be declared and determined to have infringed the '279 patent;

C. That all damages sustained by BPG as a result of the infringement of the '826 patent by American Covers be awarded to BPG, together with interest on such amount and the costs of this action;

D. That all damages sustained by BPG as a result of the infringement of the '279 patent by American Covers be awarded to BPG, together with interest on such amount and the costs of this action;

E. That American Covers be declared and determined to have willfully infringed the '826 patent, and that the damages awarded be trebled;

F. That American Covers be declared and determined to have willfully infringed the '279 patent, and that the damages awarded be trebled;

G. That this Court permanently enjoin American Covers from infringing the '826 patent until the expiration date of the patent;

H. That this Court permanently enjoin American Cover from infringing the '279 patent until the expiration date of the patent;

I. That this case be declared exceptional, and that BPG recover from American Covers its reasonable attorneys' fees and the costs of this action; and

- 8 -

1044996.3

1        J.    That this Court awards such further and other relief to BPG as the Court

2  deems just, together with its costs and disbursements in this action.

3  Dated: August 13, 2012                         JONES WALDO HOLBROOK & MCDONOUGH PC

4                                                  */s/ John C. Rooker*

John C. Rooker, #A6789
*jrooker@joneswaldo.com*
170 South Main Street, Suite 1500
Salt Lake City, UT 84101-1658
Telephone: 801.521.3200
Telefax: 801.328.0537
*Attorneys for Defendant,*
*Brandywine Product Group International, Inc.*

1044996.3

CERTIFICATE OF SERVICE

This certifies that I caused a true and correct copy of the within and foregoing to be delivered:

    [X]    via electronic transmission,

    [ ]    via the United States first-class mail, postage prepaid,

    [ ]    via hand delivery, and/or

    [X]    via CM/ECF delivery.

on the 13th day of August, 2012, to the following:

Peter M DeJonge
Jed H. Hansen
THORPE NORTH & WESTERN
8180 South 700 East, Suite 350
P.O. Box 1219
Sandy, UT  84091
dejonge@tnw.com
Hansen@tnw.com

Mark M. Bettilyon
Samuel C. Straight
RAY QUINNEY & NEBEKER
36 South State Street, Ste 1400
P.O. Box 45385
Salt Lake City, UT  84145
mbettilyon@rqn.com
sstraight@rqn.com

*/s/ Jennifer Koontz, legal assistant*

1044996.3

JONES WALDO HOLBROOK & MCDONOUGH PC
170 SOUTH MAIN STREET, STE. 1500
SALT LAKE CITY, UTAH 84101-1658
TELEPHONE: 801.521.3200